**IN THE COURT OF APPEALS OF IOWA**

No. 18-1065
Filed June 5, 2019


**IZUDIN DUBINOVIC,**
　　　　Plaintiff-Appellant,

**vs.**

**DES MOINES PUBLIC SCHOOLS,**
　　　　Defendant-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


An employee appeals the district court ruling affirming the final agency action of the workers' compensation commissioner denying his claim for penalty benefits. **AFFIRMED.**


Mark S. Soldat of Soldat & Parrish-Sams, PLC, West Des Moines, for appellant.

Anne L. Clark (until withdrawal) and Lara Q. Plaisance of Hopkins & Huebner, P.C., Des Moines, for appellee.


Considered by Vogel, C.J., and Potterfield and Doyle, JJ. Tabor, J., takes no part.

**POTTERFIELD, Judge.**

Izudin Dubinovic appeals the district court judicial review decision affirming the final agency action of the workers' compensation commissioner denying his claim for penalty benefits. Dubinovic contends the commissioner and the district court erred in declining to award penalty benefits for an alleged delay of healing period benefits and permanency benefits. Upon our review, we affirm.

**I.    Background Facts and Proceedings.**

Dubinovic worked for the Des Moines Public Schools (DMPS) as a custodian. His weekly earnings were $443.15. Dubinovic sustained an on-the-job injury to his right wrist on December 20, 2012. The parties stipulated the injury arose out of and in the course of Dubinovic's employment. Dr. Barron Bremner treated Dubinovic and released him to work with no restrictions on March 7, 2013. Dr. Bremner continued to treat Dubinovic and recommended he participate in physical therapy.

The parties stipulated that Dubinovic was owed temporary total disability (TTD) benefits[1] from December 21 through March 8. And the parties agree DMPS made the following payments to Dubinovic:

| Period | Payment |
|---|---|
| December 14 – December 28 | $1376 (wages) |
| December 29 – January 11 | $1359.20 (wages) |
| January 11 – January 25 | $1078.40 (wages) |
| January 29, 2013 | $2039.12 (four weeks TTD) |
| January 31, 2013 | $446.10 (one week TTD) |

---

[1] These benefits are alternatively referred to throughout the record as healing period benefits. *See Pitzer v. Rowley Interstate*, 507 N.W.2d 389, 391 n.1 (Iowa 1993) ("Healing period compensation is a description given to temporary workers' compensation weekly benefits that precede an allowance of permanent partial disability benefits. Ordinarily, the determination of what label to place on temporary benefits must await the determination of whether some degree of permanent disability has been sustained by the claimant." (citation omitted)).

| | |
|---|---|
| February 20, 2013 | $446.10 (one week TTD) |
| February 25, 2013 | $446.10 (one week TTD) |
| March 5, 2013 | $446.10 (one week TTD) |
| March 12, 2013 | $446.10 (one week TTD) |

On July 2, 2013, DMPS made a voluntary 2% permanent partial disability (PPD) payment to Dubinovic. On November 5, 2013, Dr. Bremner concluded Dubinovic was at maximum medical improvement. On January 30, 2014, Dr. Bremner assigned a 2% right upper extremity impairment rating. In January 2015, Dr. Mark Taylor performed an independent medical examination and assigned Dubinovic an 8% permanent impairment to his upper right extremity.

Dubinovic filed a workers' compensation petition, seeking benefits for the December 2012 injury to his wrist.[2] The issues raised concerned the extent of disability resulting from the injury and Dubinovic's entitlement to penalty benefits. Following a hearing, the deputy commissioner issued an arbitration decision ordering DMPS pay Dubinovic "healing period benefits" of $443.15 per week from December 21, 2012, to March 9, 2013, and permanent impairment benefits in the amount of 8% of the upper right extremity. The deputy commissioner denied Dubinovic's request for penalty benefits, noting Dubinovic's "medical records show[ed] a discrepancy between [his] reports of no pain to his treating doctors, and his report of constant pain to the examining doctor." The deputy found DMPS paid TTD benefits and PPD benefits in a timely manner and DMPS acted reasonably in paying the lower rating of impairment "because of the inconsistent

---

[2] Dubinovic's appeal in *Dubinovic v. Des Moines Public Schools*, No. 18-0194, 2019 WL 2152896 (Iowa Ct. App. May 15, 2019) was based on the same petition. The agency consolidated the two claims, but they were addressed by the district court in separate rulings on judicial review. Dubinovic appealed both of the court's judicial-review rulings.

reports of pain made by claimant, which did make the obligation to pay the higher amount fairly debatable."

Dubinovic filed a motion for rehearing, which the deputy denied. On intra-agency appeal, the commissioner adopted the deputy's decision. Dubinovic sought judicial review. The district court affirmed the commissioner's decision. The district court denied Dubinovic's motion to reconsider, enlarge, and/or amend.

Dubinovic appeals, contending the commissioner erred in declining to award penalty benefits for an alleged delay of healing period benefits and permanency benefits.

## II.    Standard of Review.

The issue raised on appeal involves the application of law to fact. *See* Iowa Code § 17A.19(10)(m) (2017); *Dunlap v. Action Warehouse*, 824 N.W.2d 545, 557 (Iowa Ct. App. 2012). "[T]he commissioner's application of law to the facts as found by the commissioner will not be reversed unless it is 'irrational, illogical, or wholly unjustifiable.'" *Dunlap*, 824 N.W.2d at 557 (quoting *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012)). To the extent the court finds it necessary to consider the commissioner's fact findings, review is for substantial evidence. *See* Iowa Code § 17A.19(10)(f).

## III.    Discussion.

The commissioner declined to award any penalty benefits because TTD benefits and PPD benefits were paid "in a timely manner" and it was not unreasonable to withhold paying a higher impairment rating than that provided by Dubinovic's treating physician, Dr. Bremner. Iowa Code section 86.13(4)(a) states:

If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse.

The commissioner shall award penalty benefits if two factors are met: "(1) The employee has demonstrated a denial, delay in payment, or termination of benefits" and "(2) The employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits." Iowa Code § 86.13(4)(b).

Dubinovic's claim can be disposed of on the first factor because he has not shown a delay in payment or a denial of benefits. *See Wegner v. Hormel Foods Corp.*, No. 14-0300, 2015 WL 799774, at *3 (Iowa Ct. App. Feb. 25, 2015) ("The first prerequisite to imposition of a penalty is a showing of a delay in payment or a denial of benefits.").

With regard to TTD penalty benefits, the parties agree the healing period was from December 21, 2012, through March 8, 2013. Dubinovic acknowledges DMPS made the wage payments and TTD payments to him, but he claims the payments were several days late. DMPS responds, "[T]here was no initial delay in payment as Dubinovic asserted because he was still being paid by the school district and, further, any minor delay in payment of healing period was sufficiently cured by an overpayment of the weekly rate." Dubinovic was paid by DMPS until January 25, and he received TTD benefits payments between January 29 and

March 12 for amounts higher than his weekly earnings.[3]  The commissioner's decision to deny Dubinovic's request for TTD penalty benefits was not irrational, illogical, or wholly unjustifiable.

With regard to PPD penalty benefits, Dr. Bremner determined Dubinovic was at maximum medical improvement in November 2013 and assigned no permanent restrictions to Dubinovic.  Meanwhile, in July 2013, DMPS paid a voluntary 2% permanent impairment rating to Dubinovic.  Dubinovic cannot show a delay or denial by DMPS in paying PPD benefits where a payment was made before he was declared to be at maximum medical improvement by his treating physician.  *See* Iowa Code § 86.13(4)(a) (noting a penalty shall be imposed "[i]f a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer"); *cf. Christensen v. Snap-On Tools Corp.*, 554 N.W.2d 254, 261 (Iowa 1996) ("Here there was a two-month delay between Dr. DeBartolo's report and Snap–On's receipt of a report from its independent medical expert.  We think this delay falls within a reasonable time for the investigation of Christensen's medical evidence that she suffered a 10$permanent impairment, particularly in light of the prior medical records indicating she would recover from her injury."); *Davidson v. Bruce*, 594 N.W.2d 833, 839 (Iowa Ct. App. 1999) ("In this case, Davidson returned to work full-time in July of 1991 without restrictions and did not make a claim for permanent partial disability benefits at that time.  Despite this, he asserts that Wausau had an affirmative duty to investigate whether he had a permanent impairment.  We do

---

[3] Dubinovic's weekly earnings were $443.15; he was overpaid approximately $3 per week for five weeks of TTD payments between January and March 2013.

not believe that *Christensen* nor any other case law supports the placement of such a burden on the employer under these circumstances. We find that assessment of a penalty is inappropriate until the employer has been informed that an employee has reached maximum medical improvement and then delays in seeking an impairment rating or commencing payment. We find that the Commissioner's award of penalty benefits beginning with the delay after Davidson reached maximum medical improvement was appropriate."). The commissioner's decision to deny Dubinovic's request for PPD penalty benefits was not irrational, illogical, or wholly unjustifiable.

We affirm the commissioner's denial of Dubinovic's claim for penalty benefits.

**AFFIRMED.**